IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALENTINE VAVASIS,

    Plaintiff,                                        CASE NO.

vs.                                                   Jury Trial Demanded

STELLAR RECOVERY, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, VALENTINE VAVASIS ("Plaintiff"), sues the Defendant, STELLAR RECOVERY, INC., ("Defendant"), and alleges the following.

1. This action arises out of Defendant's violations of Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1962 *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 et seq. This Court has supplemental jurisdiction over the Plaintiff's FCCPA claims under 28 U.S.C. § 1367.

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and/or where Defendant transacts business in this District).

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Pinellas. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

4. Defendant is a an entity who at all relevant times was engaged, but use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5).

5. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly defaulted on a debt from Fifth Third Bank. Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

7. The debt that Plaintiff incurred was a consumer debt as defined by Fla. Stat. § 559.55(1) and the FDCPA, and was secured and used primarily for personal, family, and/or household services.

8. On April 10, 2013, the Defendant sent an initial dunning letter to Plaintiff regarding an alleged debt in the amount of $1,493.35. (A copy of this letter is attached to this Complaint as Exhibit A).

9. The letter states "[w]e have been authorized by our client to offer a settlement on this account of $1,045.35, which can be paid in three equal payments of $348.45. Call our office to arrange for payment or visit www.paystellar.com." The offer is $448 less than the stated debt amount of $1,493.35.

10. The letter then goes on to state that "STELLAR RECOVERY, INC is subject to certain IRS reporting requirements for debt forgiveness *exceeding $600*. When required, STELLAR RECOVERY, INC will report debt forgiveness on form 1099C. This is solely a filing requirement – STELLAR RECOVERY, INC is not in a position to determine or advice

you whether this will have any tax consequences. Please consult independent tax counsel of your own choosing if you desire advice about tax consequences which may result from this settlement."

11. The Defendant's inclusion of the statement that it is required to report to the IRS debt forgiveness exceeding $600 in the letter creates the false impression that the Defendant is in fact forgiving at least $600 of the Plaintiff's debt when the letter only offers a debt forgiveness of $448.

12. On April 24, 2013 at approximately 11:30 a.m., a debt collector employed by Defendant, Amanda Nolan, called Plaintiff from the number 727-470-6328. During the call, Ms. Nolan informed Plaintiff that she was calling on the 5/3rd Bank debt and threatened Plaintiff that she was in "legal status" and was about to be served. Ms. Nolan was very aggressive during the call and yelled at Plaintiff. Ms. Nolan told Plaintiff to quit making excuses and stop paying everyone else. Plaintiff proceeded to inform Ms. Nolan that she is unable to pay the debt, but Ms. Nolan continued to yell and demand payment. Finally, Ms. Nolan threatened Plaintiff that she had 24 hours or she will be served with a collections summons.

13. The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff and give Plaintiff the impression that Defendant is or is associated with an attorney and that legal action had been taken or would be taken. Notably, Plaintiff did not receive a collections summons within 24 hours of the call.

14. Moreover, the Defendant contacted the Plaintiff and threatened the Plaintiff for payment during the 30 day validation period. The initial dunning letter was sent on April 10, 2013 and Defendant called Plaintiff on April 24, 2013 threatening her to make payment and that

she had 24 hours or would get served with a collections summons. Such conduct is violative of Plaintiff's rights under the FDCPA.

## COUNT I

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
## FLORIDA STATUTES § 559.55 *et seq.*

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this Verified Complaint as though fully stated herein.

16. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCCPA including, but not limited to:

    a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

    b. Fla. Stat. 559.72(10): Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

    c. Fla. Stat. 55972(12): Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

17. Pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for each adjudicated violation of the FCCPA, plus his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorney's fees, costs, and such further relief as this Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FDCPA, 15. U.S.C. 1692 § *et seq.*

18. Plaintiff incorporates by reference paragraphs 1 through 14 of this Verified Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including: (a) FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; (b) FDCPA, 15 U.S.C. § 1692e; (c) FDCPA 15 U.S.C. § 1692e(3) the false representation or implication that any individual is an attorney or that any communication is from an attorney; (d) FDCPA, 15 U.S.C. § 1692e(5) the threat to take any action that is not intended to be taken or has already been taken; (e) FDCPA, 15 U.S.C. § 1692e(10); (f) 15 U.S.C. § 1692f; and (g) 15 U.S.C. § 1692g.

20. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to damages in an amount up to $1,000, plus reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fess, costs, and such further relief as this Court deems just and proper.

## TRIAL BY JURY

20. Plaintiff demands a trial by jury.

-6-

                      **DISPARTI FOWKES & HASANBASIC, P.A.**

                                    _s/ Paul R. Fowkes_
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@DFHlawfirm.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@DFHlawfirm.com
2203 N. Lois Avenue, Suite 830
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiff*

## VERIFICATION BY PLAINTIFF

STATE OF FLORIDA

COUNTY OF _____

Valentine Vavasis, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint, if any, is a true and correct copy of the original.

_____
Valentine Vavasis

Subscribed and sworn to before me this 27 day of April, 2013.
Florida Drivers license

_____
Notary Public

MELISSA R. ROMAN
Notary Public - State of Florida
My Comm. Expires Nov 12, 2016
Commission # EE 838433

-7-